Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200504-81560
DATE: August 31, 2021

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA) is denied.

FINDINGS OF FACT

1. The Veteran had active service from December 1984 to December 1988.

2. The most probative evidence does not reflect that OSA is causally or etiologically related to service or caused or permanently worsened by a service-connected disability.

CONCLUSION OF LAW

The criteria to establish service connection for OSA are not met. 38 U.S.C. §§ 1101, 1112, 1131, 5107(b); 38 C.F.R. §§ 19.2, 3.102, 3.303(a), 3.309, 3.310 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In August 2017, the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA), was signed into law. This law has created a new framework for veterans dissatisfied with VA decisions on their claims to seek review. The AMA automatically appeals to all claims for which VA issues notice of an initial decision on or after February 19, 2019. See 38 C.F.R. § 3.2400(a)(1). The rating decision currently on appeal was issued in December 2019 and constitutes an initial decision; therefore, the AMA automatically applies. 

The Veteran's claim of service connection for OSA was denied in a December 2019 rating decision. Subsequently, he requested a higher-level review (HLR) of the decision on his service connection claim. However, an April 2020 HLR rating decision affirmed the denial. In May 2020, the Veteran timely submitted a Form 10182, appealing the HLR decision on his claim for OSA and selecting the direct review lane under which the Board would decide his appeal based on the evidence of record at the time of the HLR rating decision. 38 C.F.R. § 19.2(d). 

Of note, in an April 2021 statement, the Veteran, through his representative, asserted that his OSA was related to both post-traumatic stress disorder (PTSD) and tinnitus. However, in so doing he offered additional medical evidence, to include excerpts of medical studies regarding relationships between OSA and both PTSD and tinnitus, during a period of time in which new evidence was not allowed. Therefore, while the Board may consider the Veteran's arguments, it may not consider the evidence presented in the April 2021 statement. 38 C.F.R. § 20.300. Rather, he may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision. 

Next, the Veteran additionally appealed a claim of service connection for arthritis of the left hand in his June 2020 Form 10182. A review of the record reveals that he filed a claim for left hand arthritis in August 2019. The RO interpreted the claim as a claim for an increased rating for the Veteran's service-connected residuals of a crush injury to the left hand and continued the claim in his December 2019 rating decision. However, the decision did not indicate that arthritis constituted a residual of the Veteran's service-connected crush injury or otherwise adjudicate the claim for arthritis of the left hand. Accordingly, the claim is not properly before the Board at this time and is referred to the AOJ for appropriate action. 

Finally, in his April 2021 statement, the Veteran, through his representative, asserted that the record reflected that his sinusitis was proximately caused or aggravated by his service-connected tinnitus and, as such, warranted service connection. However, the service connection claim was not included in the Veteran's June 2020 Form 10182, and therefore, is also not properly before the Board at this time.

Entitlement to service connection for OSA 

Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disability or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

Service connection may also be granted on a secondary basis for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury under 38 C.F.R. § 3.310. Allen v. Brown, 7 Vet. App. 439 (1995). In order to establish service connection on a secondary basis, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical evidence establishing a link between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998). 

Analysis

In December 2019, the RO found that the Veteran was diagnosed with OSA and service connected for PTSD. These favorable findings will not be disturbed; accordingly, a current disorder has been shown along with a service-connected disability for purposes of secondary service connection. Thus, the threshold question is whether the Veteran's current OSA is etiologically related either to his military service or a service-connected disability.

A review of the Veteran's service treatment records reveals that he reported experiencing frequent trouble sleeping in service in an October 1988 Report of Medical History associated with his separation examination. The clinician found that he experienced insomnia associated with his separation from service and his planned post-separation job and schooling. 

The Veteran is competent to report symptoms capable of lay observation, such as frequent trouble sleeping, but is not competent to diagnose sleep disorders such as OSA due to the medical complexity of the matters involved. Rather, while a clinician noted that he had insomnia, his October 1988 separation examination found that he was neurologically normal and did not otherwise identify symptoms of OSA. The STRs are otherwise silent for complaints, diagnoses, or treatment for OSA. As such, the second element of direct service connection- in-service incurrence- has not been met and the medical evidence does not support service connection for OSA on a direct basis.

Regarding entitlement under the theory of secondary service connection, as noted above the Veteran has current diagnoses of sleep apnea and service-connected PTSD and tinnitus. However, the evidence does not establish nexuses between his sleep apnea and service-connected disorders. To this end, a September 2019 VA examiner offered that, while PTSD is associated with insomnia, it is not directly related to OSA. The examiner further noted that medical literature found no causal relationship between OSA and PTSD. 

The Veteran has contended that the September 2019 examination was inadequate, as the examiner's opinion was based on a lack of in-service medical evidence. However, this argument misreads the September 2019 opinion. As discussed, the examiner's opinion was based on the fact that evidence of a causal relationship between OSA and PTSD was not present in medical literature rather than any lack of in-service medical evidence. 

Ultimately, the Board finds the September 2019 examination to be adequate because the examiner thoroughly reviewed the claims file and addressed the evidence of record, to include whether there was a nexus between the Veteran's OSA and his PTSD and considered the Veteran's assertions, and provided a thorough supporting rationale for the conclusions reached. As such, the examination is assigned high probative value and weighs against the claim. 

Under the AMA, when engaging in a direct review of a claim, the Board may only consider the evidence available at the time of the prior rating decision- in this case, the Veteran's April 2020 HLR decision. The medical evidence present at the time of the April 2020 HLR decision does not otherwise establish relationships between the Veteran's OSA and his service-connected disorders, to specifically include PTSD and tinnitus. Accordingly, the medical evidence does not support the claim of service connection for OSA as secondary to a service-connected disability. 

In sum, the medical evidence does not show that the Veteran experienced OSA in service. Moreover, the record does not establish a nexus between his OSA and a service-connected disability. Therefore, based on the above, service connection is not warranted for OSA.

The Board has considered lay statements submitted by the Veteran regarding the etiology of his OSA. He is competent to describe symptoms and describe his observations because this requires only personal knowledge as it comes to him through his senses. However, he is not competent to offer opinions as to the etiology of his current OSA due to the medical complexity of the matters involved.

Such competent evidence has been provided by the medical personnel who have examined the Veteran during his current appeal and who have rendered pertinent medical opinions in conjunction with the evaluations. Here, the Board attaches greater probative weight to the clinical findings than to the lay statements that have been submitted. Based on the above, the appeal is denied.

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record for the Board's consideration. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to 

address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

 

 

SCOTT W. DALE

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Spigelman, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.